Filed 3/30/26  Duarte v. Nisson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| EDITH DUARTE,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>PETER L. NISSON et al.,<br><br>      Defendants and Respondents. | B342145<br><br>(Los Angeles County<br>Super. Ct. No. 24STCV00585) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

        Edith Duarte, in pro. per., for Plaintiff and Appellant.

        Thaler Law and Jesse J. Thaler for Defendants and Respondents.

* * * * * *

Edith Duarte (appellant) appeals from a judgment entered after the trial court granted respondents Peter L. Nisson and Consumer Defense Law Group, P.C.'s (collectively respondents) motion for judgment on the pleadings in this legal malpractice matter.

Appellant has failed to provide a reporter's transcript of proceedings or an adequate record for review and has failed to support many of her factual assertions with citations to the record.

Because appellant has failed to show the trial court erred in granting respondents' motion for judgment on the pleadings, we affirm.

## BACKGROUND

We recognize only those facts supported with a citation to the record on appeal.

On January 9, 2024, appellant filed her verified complaint against respondents for professional negligence (legal malpractice) and breach of fiduciary duty.

**The underlying lawsuit and respondents' representation of appellant**

The complaint alleged that on December 17, 2019, appellant filed a complaint against Milestone, Milestone Financial LLC, and Mortgage Lender Services, Inc., for the following causes of action: (1) violation of Civil Code section 2923.5, (2) negligence, (3) slander of credit, (4) cancellation of instruments, (5) violation of Civil Code section 1671, (6) accounting, and (7) violation of Business and Professions Code section 17200 et seq. (underlying lawsuit).  The defendants in the underlying lawsuit filed a motion to compel arbitration.  Prior to

the hearing on the motion to compel arbitration, on February 26, 2020, appellant's former attorney's motion to be relieved as counsel was granted. Appellant was then "forc[ed] to represent herself in pro per due to financial constraints."

According to the complaint, appellant was represented by respondents in the underlying lawsuit at the preliminary hearing in the arbitration proceedings, which took place on March 5, 2021. Appellant alleged respondents committed acts of malpractice including filing an inadequate explanation of the claims she was asserting, failing to timely file a statement of claims and failing to timely produce an initial exchange of documents by the deadline of February 26, 2021.

The complaint alleged at the conclusion of a hearing for sanctions regarding respondents' failures in the underlying lawsuit, respondents stated their intention to withdraw as counsel. The arbitrator advised respondents to file a motion to withdraw at their earliest convenience so that the case could move forward with new counsel.[1]

On March 29, 2021, the defendants in the underlying matter requested leave to file a dispositive motion in the case.

On April 8, 2021, the arbitrator in the underlying lawsuit granted the defendants' request to file a dispositive motion,

---

[1] Respondents assert, without citation to the record, appellant has failed to set forth all material evidence on this point as she has failed to reference the fact that respondents were relieved as counsel on May 26, 2021, in the underlying lawsuit, which was judicially noticed by the trial court in this matter. Respondents are correct that appellant has failed to provide a record of the granting of respondents' motion to withdraw as counsel in the underlying lawsuit.

3

setting the following briefing schedule: defendants were to file their motion by May 7, 2021, appellant was to file her opposition by May 31, 2021, and the defendants' reply was due by June 15, 2021.

On June 24, 2021, an interim award was issued by the arbitrator in favor of the defendants in the underlying lawsuit. On August 17, 2021, the arbitrator issued a final award in the underlying lawsuit in favor of defendants.

On August 31, 2021, defendants in the underlying lawsuit filed a petition to conform arbitration award and enter judgment and for attorney's fees, interest and costs. On November 1, 2021, the trial court entered judgment in favor of the defendants in the underlying lawsuit and against appellant in the amount of $48,418.53.

**The current lawsuit**

This lawsuit was filed against respondents on January 9, 2024, over two years after judgment was entered against appellant in the underlying lawsuit.

On March 29, 2024, respondents filed joint answers to appellant's complaint.

On July 16, 2024, respondents filed a motion for judgment on the pleadings. In the motion, respondents argued the first cause of action for professional negligence was barred by the one-year statute of limitations found in Code of Civil Procedure section 340.6. As to the second cause of action for breach of fiduciary duty, respondents argued it was duplicative of the first cause of action and should be dismissed for that reason. Further, respondents argued the second cause of action contained insufficient allegations to constitute a cause of action for breach of fiduciary duty.

On August 28, 2024, following a hearing where the court heard argument from the parties, the trial court granted respondents' motion for judgment on the pleadings.[2]

On September 25, 2024, the trial court entered judgment against appellant with prejudice in the present action. On October 28, 2024, appellant filed her notice of appeal.

## DISCUSSION

### I. Applicable law and standard of review

Code of Civil Procedure section 438, subdivision (c)(1)(B)(ii), permits a defendant to move for judgment on the pleadings if the complaint does not state facts sufficient to constitute a cause of action against the defendant. "'"A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action."'" (*Sepanossian v. National Ready Mixed Concrete Co.* (2023) 97 Cal.App.5th 192, 199.) "'"A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review."'" (*Ibid.*) "'"All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . ."'" (*Ibid.*) The court may also consider judicially noticed items. (*Ibid.*) "Our review is de novo because the trial court's ruling on a motion for judgment on the pleadings 'resolves a mixed question of law and fact that is predominantly one of law, viz., whether or not the factual allegations that the plaintiff makes are sufficient to constitute a cause of action.'" (*Ibid.*)

---

[2]     No reporter's transcript of the hearing was included in the record on appeal.

A trial court judgment is presumed to be correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "The appellate court is not required to search the record on its own seeking error. If a party fails to support the argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) To demonstrate error, the appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) If a party fails to meet these requirements, its claims are forfeited. (*Ibid.*)

Bearing these standards in mind, we review appellant's arguments and conclude she has failed to show error in the trial court judgment.

## II. First cause of action for professional negligence

Appellant argues the trial court erred in determining her first cause of action for professional negligence is barred by the statute of limitations. Appellant asserts, without citation to the record, that she appealed the underlying lawsuit. She maintains the appeal of the matter equitably tolled the running of the statute of limitations on the alleged professional negligence in the underlying lawsuit. Without citation to the record, appellant asserts the judgment in the underlying lawsuit only became final on November 6, 2023, after the Court of Appeal issued a remittitur affirming the judgment in the underlying lawsuit.

Appellant cites no law supporting her position that the pendency of her appeal in the underlying lawsuit tolled the

6

statute of limitations on her professional negligence claim.[3]  A trial court judgment is presumed to be correct, and error must be affirmatively shown.  (*Denham v. Superior Court, supra*, 2 Cal.3d at p. 564.)  To demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.  (*United Grand Corp. v. Malibu Hillbillies, LLC, supra*, 36 Cal.App.5th at p. 146.)

Appellant has failed to support her argument regarding the tolling of the statute of limitations with adequate factual citations, legal authority or analysis.  Thus, she has failed to meet her burden on appeal of showing error.

## III.   Second cause of action for breach of fiduciary duty

Appellant presents two arguments regarding her cause of action for breach of fiduciary duty.  First, she argues the claim is not duplicative of her first cause of action for professional negligence.  Next, she argues her claim for breach of fiduciary duty is subject to a four-year statute of limitations under Code of Civil Procedure section 343.  Because we find appellant's cause of action for breach of fiduciary duty is duplicative of her claim for professional negligence, we decline to address her second argument.

---

[3]   Appellant cites two cases in this section of her opening brief, neither of which support her position that the pendency of an appeal in the underlying matter tolls the applicable statute of limitations.  (See *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370–371 [stating general proposition that equitable tolling "is a judge-made doctrine" that operates independently of the statute of limitations]; *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 751 [cause of action for professional negligence does not accrue until the plaintiff suffered actual loss or damage from the allegedly negligent conduct].)

Appellant's verified complaint in this matter sets forth the facts related to the underlying lawsuit in paragraphs 6 through 30. As to her first cause of action for professional negligence, appellant alleged, "During the course of [respondents'] representation of [appellant], there were several instances wherein the conduct of [respondents] fell below the applicable standard of care as set forth in paragraphs 18 through 30 herein."

As to her second cause of action for breach of fiduciary duty, appellant alleged, "[Respondents], and each of them, breached their fiduciary duties and obligations to [appellant] by failing to fulfill their fiduciary obligations to [appellant] through actions or inactions as stated in paragraphs 18 through 30 hereof."

Appellant thus relies on the identical facts alleged in her complaint to support her cause of action for professional negligence to support her cause of action for breach of fiduciary duty. Appellant may not merely change the label on identical allegations to avoid the statute of limitations. "[S]tating them in two causes of action, as [appellant] has done, is merely duplicative pleading which adds nothing to the complaint by way of fact or theory." (*Award Metals, Inc. v. Superior Court* (1991) 228 Cal.App.3d 1128, 1135.) "'The gravamen, or essential nature . . . of a cause of action is determined by the primary right alleged to have been violated . . . .'" (*Slovensky v. Friedman* (2006) 142 Cal.App.4th 1518, 1535.) Here, appellant's allegations concern respondents' alleged professional negligence, without further indication of any breach of trust. As such, they are duplicative and barred by the one-year statute of limitations set forth in found in Code of Civil Procedure section 340.6.

8

Appellant argues a breach of fiduciary duty is a tort claim entirely distinct from malpractice based on professional negligence. (Citing *Barbara A. v. John G.* (1983) 145 Cal.App.3d 369, 382–383 [respondent attorney's representation to client that he could not get her pregnant did not fall outside claim of breach of fiduciary duty against attorney].) Appellant cites a Texas appellate court case for the proposition that the two claims are distinct. (*Murphy v. Gruber* (Tex.Ct.App. 2007) 241 S.W. 689.)[4] We note that in *Murphy*, the Texas appellate court determined the appellants' allegations asserted claims for professional negligence, rather than breach of fiduciary duty, and were therefore barred by the shorter statute of limitations for professional negligence despite being labeled as breach of fiduciary duty. The court stated, "these allegations complain about the quality of the Lawyers' representation, specifically, the Lawyers' failure to properly advise, inform, and communicate with [the appellants] about the case, which are claims of professional negligence." (*Id.* at p. 698.) Similarly, here, appellant's allegations sound in professional negligence despite being labeled as breach of fiduciary duty.

"The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." (*Stanley v. Richmond* (1995) 35 Cal.App.4th 1070, 1086.) "The scope of an attorney's fiduciary duty may be determined as a matter of law based on the Rules of Professional Conduct which, 'together with statutes and general principles

---

[4] Appellant provides no authority suggesting Texas state law is comparable to California state law on this issue.

9

relating to other fiduciary relationships, all help define the duty component of the fiduciary duty which an attorney owes to his [or her] client.'" (*Ibid.*) Appellant has set forth no breach of trust, confidence, or loyalty separate from the allegations of professional negligence. Thus, the claim was duplicative, and the trial court did not err in granting the motion for judgment on the pleadings as to the second cause of action for breach of fiduciary duty.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs of appeal.


CHAVEZ, J.


We concur:


LUI, P. J.


RICHARDSON, J.